```
UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - x
                                         )
SECURITIES AND EXCHANGE COMMISSION,      )
                                         )
                      Plaintiff,         )
          v.                             )
                                         )
FIRST BANCORP,                           )
                                         )     07 Civ. 7039
                      Defendant.         )     (Crotty, J.)
                                         )     (Ellis, M.J.)
- - - - - - - - - - - - - - - - - - - - x
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 2 1 2007

## FINAL JUDGMENT AS TO DEFENDANT FIRST BANCORP

Plaintiff Securities and Exchange Commission ("SEC") having filed a Complaint and Defendant First BanCorp having entered a general appearance; consented to the Court's jurisdiction over it and the subject matter of this action solely for the purpose of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

### I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that First BanCorp and First BanCorp's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-

5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that First BanCorp and First BanCorp's officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating Section 13(a) of the Exchange Act [15 U.S.C. § 78(m)(a)] and Rules 13a-1, 13a-13, and 12b-20 promulgated thereunder [17 C.F.R. §§ 240.13a-1, 240.13a-13 and 240.12b-20] by, directly or indirectly, filing or causing to

be filed with the SEC any periodic report on behalf of any issuer, required to be filed with the SEC pursuant to Section 13(a) of the Exchange Act and the rules and regulations promulgated thereunder, which contains any untrue statement of material fact, which omits to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or which omits to disclose any information required to be disclosed.

### III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that First BanCorp and First BanCorp's its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating Sections 13(b)(2)(A) and (B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and (B)] by, directly or indirectly, failing to (i) make and keep accurate books, records and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; or (ii) devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: transactions are executed in accordance with management's general or specific authorization; transactions are recorded as necessary to permit preparation of financial statements

in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets; access to assets is permitted only in accordance with management's general or specific authorization; transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets; access to assets is permitted only in accordance with management's general or specific authorization; and the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that First BanCorp is liable for disgorgement of $1, representing profits gained as a result of the conduct alleged in the Complaint, and a civil penalty in the amount of $8,500,000, pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. First BanCorp shall satisfy this obligation by paying $8,500,001 within forty five (45) business days to the Clerk of this Court, together with a cover letter identifying First BanCorp as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. First BanCorp shall

simultaneously transmit photocopies of such payment and letter to the SEC's counsel in this action. By making this payment, First BanCorp relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to First BanCorp. First BanCorp shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The SEC may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to

be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, First BanCorp shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on First BanCorp's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of First BanCorp's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, First BanCorp shall, within 30 days after entry of a final order granting the Penalty Offset, notify the SEC's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the SEC directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against First BanCorp by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.


V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that First BanCorp shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: August 21, 2007

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - x
                                         )
SECURITIES AND EXCHANGE COMMISSION,      )
                                         )
                Plaintiff,               )
        v.                               )
                                         )
FIRST BANCORP,                           )
                                         )   07 Civ. 7039
                Defendant.               )   (Crotty, J.)
                                         )   (Ellis, M.J.)
- - - - - - - - - - - - - - - - - - - - x

### CONSENT OF DEFENDANT FIRST BANCORP

1.  Defendant First BanCorp waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over it and over the subject matter of this action solely for the purpose of this action.

2.  Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which First BanCorp admits), First BanCorp hereby consents to the entry of the final judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins First BanCorp from violations of Sections 10(b), 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b), 78m(a), 78m(b)(2)(A) and 78m(b)(2)(B)]

1

and Rules 10b-5, 12b-20, 13a-1 and 13a-13 [17 C.F.R. §§ 240.10b-5, 240.12b-20, 240.13a-1 and 240.13a-13], promulgated thereunder;

(b) orders First BanCorp to pay disgorgement in the amount of $1; and

(c) orders First BanCorp to pay a civil penalty in the amount of $8,500,000, pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

3. First BanCorp acknowledges that the civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, First BanCorp agrees that it shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on First BanCorp's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of First BanCorp's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a

2

Penalty Offset, First BanCorp agrees that it shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Securities and Exchange Commission ("SEC")'s counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the SEC directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against First BanCorp by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

4. First BanCorp agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that First BanCorp pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. First BanCorp further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that First BanCorp pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part

3

thereof are added to a distribution fund or otherwise used for the benefit of investors.

5. First BanCorp waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6. First BanCorp waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7. First BanCorp enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the SEC or any member, officer, employee, agent, or representative of the SEC to induce First BanCorp to enter into this Consent.

8. First BanCorp agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9. First BanCorp will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10. First BanCorp waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to First BanCorp of its terms and conditions. First BanCorp further agrees to provide counsel for the SEC, within thirty days after

the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that First BanCorp has received and read a copy of the Final Judgment.

11. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against First BanCorp in this civil proceeding. First BanCorp acknowledges that no promise or representation has been made by the SEC or any member, officer, employee, agent, or representative of the SEC with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. First BanCorp waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. First BanCorp further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the SEC based on the entry of the injunction

in this action, First BanCorp understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

12. First BanCorp understands and agrees to comply with the SEC's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, First BanCorp agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, First BanCorp hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If First BanCorp breaches this agreement, the SEC may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects First BanCorp's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the SEC is not a party.

13. First BanCorp hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from

6

the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by First BanCorp to defend against this action. For these purposes, First BanCorp agrees that First BanCorp is not the prevailing party in this action since the parties have reached a good faith settlement.

14. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the SEC or to which the SEC is a party, First BanCorp (i) agrees to use reasonable efforts to encourage its officers, directors and employees to appear and be interviewed by SEC staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the SEC for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by SEC staff; (iii) appoints First BanCorp's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses First BanCorp's travel, lodging, and subsistence expenses at the then-prevailing U.S.

Government per diem rates; and (v) consents to personal jurisdiction over First BanCorp in any United States District Court for purposes of enforcing any such subpoena.

15. First BanCorp agrees that the SEC may present the Final Judgment to the Court for signature and entry without further notice.

16. First BanCorp agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: _July 12, 2007_

_____
First BanCorp Corporation

By: _LAWRENCE ODELL_
Name:
Title: _General Counsel_
Address:

Affidavit No. 611

On _July 12_, 2007, _Lawrence Odell_, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of First BanCorp Corporation as its _General Counsel_



_____
Notary Public

Commission expires: _For Life_

Approved as to form:

_____
David Meister

Clifford Chance LLP
31 West 52nd Street
New York, NY 10019-6131
Tel: (212) 878-8537
Fax: (212) 878-8375

    Attorney for Defendant
    First BanCorp